**FILED**
JEANNE A. NAUGHTON, CLERK
JUN 1 3 2019
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: <br><br> **ORAMA HOSPITALITY GROUP, LTD.,** <br><br> Debtors. | Case No.: 17-21720 (JKS) <br><br> Chapter: 11 <br><br> Judge: Hon. John K. Sherwood |
| **MITSUWA CORPORATION,** <br><br> Plaintiff, <br><br> vs. <br><br> **ORAMA HOSPITALITY GROUP, LTD.,** <br><br> Defendant. | Adv. Pro.: 18-01041-JKS |

### DECISION AND ORDER RE: SUMMARY JUDGMENT MOTIONS

The relief set forth on the following pages, numbered three (3) through eighteen (18), is hereby **ORDERED**.

HONORABLE JOHN K. SHERWOOD
UNITED STATES BANKRUPTCY JUDGE

Dated: June 13, 2019

**Page 2**
Debtor:   Orama Hospitality Group, Ltd.  (Mitsuwa Corporation v. Orama Hospitality Group, Ltd.)
Case No.: 17-21720 (Adv. Pro. No. 18-1041)
<u>Caption:</u>   **Decision and Order Re: Summary Judgment Motions**

## **APPEARANCES**

**McMANIMON, SCOTLAND & BAUMANN, LLC**
Thomas M. Walsh, Esq.
75 Livingston Avenue
Roseland, New Jersey 07068
*Counsel for Chapter 7 Trustee*

**MITCHELL SILBERBERG & KNUPP LLP**
David B. Gordon, Esq.
12 East 49 Street, 30th Floor
New York, New York 10017
*Counsel for Landlord/Mitsuwa Corporation*

Case 18-01041-JKS    Doc 25    Filed 06/13/19    Entered 06/14/19 10:54:28    Desc Main
Document    Page 3 of 18

Page 3
Debtor:   Orama Hospitality Group, Ltd.  (Mitsuwa Corporation v. Orama Hospitality Group, Ltd.)
Case No.: 17-21720 (Adv. Pro. No. 18-1041)
Caption:  **Decision and Order Re: Summary Judgment Motions**

# INTRODUCTION

Under New Jersey law, liquor licenses cannot be pledged as collateral for the debts of the holder of the license.  Thus, in bankruptcy cases, these licenses are usually unencumbered assets, available to fund the costs of administration of a bankruptcy case as well as distributions to general unsecured creditors.  In the motions before the Court, Mitsuwa Corporation ("Mitsuwa"), the landlord and a creditor of Orama Hospitality Group, Ltd. (the "Debtor"), claims that it had a pre-petition interest in the Debtor's liquor license which essentially removes the license from the Debtor's bankruptcy estate and delivers it to Mitsuwa in partial satisfaction of its claim.  Mitsuwa relies on a pre-petition repurchase option contract with the Debtor that enables Mitsuwa to buy the liquor license back from the Debtor using its claims against the Debtor as currency – essentially the right to "credit bid."[1]

The Debtor's Chapter 7 Trustee, Donald V. Biase (the "Trustee"), wants to sell the Debtor's liquor license and use the proceeds to pay the estate's creditors.  The Trustee maintains that Mitsuwa's repurchase option is an executory contract that has been rejected – thus, Mitsuwa is left with nothing more than an unsecured claim.  The Trustee also asserts that the repurchase option is unenforceable under New Jersey law.  Both parties have submitted compelling arguments.  For the reasons set forth below, the Court rules in favor of the Trustee and concludes that Mitsuwa's repurchase option is an executory contract that has been rejected and Mitsuwa is not entitled to specific performance.  Also, the repurchase option cannot be enforced because it violates New Jersey law which prohibits encumbrances against liquor licenses.

---

[1] Mitsuwa filed a proof of claim in the Debtor's bankruptcy case for $3,669,671.74 based on amounts due under a sublease and promissory note.  (Claim No. 11).

Case 18-01041-JKS    Doc 25    Filed 06/13/19    Entered 06/14/19 10:54:28    Desc Main
Document     Page 4 of 18

Page 4
Debtor:   Orama Hospitality Group, Ltd.  (Mitsuwa Corporation v. Orama Hospitality Group, Ltd.)
Case No.: 17-21720 (Adv. Pro. No. 18-1041)
Caption:  **Decision and Order Re: Summary Judgment Motions**

## JURISDICTION

The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334(b), 157(a), and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984, as amended September 18, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C), (E), and (O).  Venue is proper under 28 U.S.C. §§ 1408 and 1409(a).

## FACTS AND PROCEDURAL HISTORY

The Debtor filed a Chapter 11 proceeding on June 6, 2017 while operating a restaurant in Edgewater, New Jersey in premises leased from Mitsuwa.  The Debtor and Mitsuwa were parties to litigation in State Court over defaults under the lease and amounts due from the Debtor to Mitsuwa under a promissory note when the bankruptcy case was filed.  Mitsuwa sought relief from the automatic stay to allow the State Court litigation to continue but the Court denied this request. The Debtor was given an opportunity to revive its tenancy in the course of the bankruptcy proceedings provided it paid rent to Mitsuwa.[2]

Efforts to resolve the issues between the Debtor and Mitsuwa in the Bankruptcy Court's mediation program were unsuccessful.  Shortly thereafter, the Court denied a motion by the Debtor to assume the lease.[3]  Mitsuwa commenced this adversary proceeding on February 5, 2018 seeking to compel the Debtor to turn over the liquor license.  The Debtor agreed to vacate the leased

---

[2] Decision and Order Re: Landlord's Motion for an Order Confirming that the Automatic Stay does not Preclude Continuation of an Eviction Action, *In re Orama Hospitality Group, Ltd.*, No. 17-21720 (Bankr. D.N.J. Sept. 15, 2017), ECF No. 43.

[3] Order Denying Debtor's Motion to Assume Sublease, *In re Orama Hospitality Group, Ltd.*, No. 17-21720 (Bankr. D.N.J. May 18, 2018), ECF No. 78.

Case 18-01041-JKS    Doc 25    Filed 06/13/19    Entered 06/14/19 10:54:28    Desc Main
Document    Page 5 of 18

Page 5
Debtor:   Orama Hospitality Group, Ltd.  (Mitsuwa Corporation v. Orama Hospitality Group, Ltd.)
Case No.: 17-21720 (Adv. Pro. No. 18-1041)
Caption:  **Decision and Order Re: Summary Judgment Motions**

premises by September 4, 2018.[4]  Then, the Debtor's case was converted to Chapter 7 and the Trustee was appointed.[5]  The Trustee has assumed the defense of Mitsuwa's adversary proceeding on behalf of the Debtor's estate.

In the Chapter 7 case, the Trustee sought to sell the Debtor's liquor license to a third party for $538,000 "free and clear of liens, claims and encumbrances."[6]  Mitsuwa opposed this motion and it is clear that the issues raised in this adversary proceeding concerning ownership of the liquor license have to be resolved before the Trustee's motion to sell is heard.

Both parties have moved for summary judgment.  The Court heard oral argument on April 30, 2019 and reserved decision.  While the case was on reserve, the United States Supreme Court issued its decision in *Mission Product Holdings v. Tempnology*, 203 L.Ed. 2d 876 (U.S. 2019).  Counsel for Mitsuwa brought this decision to the Court's attention and requested that the Court consider the impact of *Mission Product* on the issues before the Court.  The parties submitted supplemental briefs.[7]  It appears that there are no genuine issues of material fact and this case is ready to be decided.

The most important document here is a Contract for Sale of Liquor License between the Debtor and Mitsuwa dated May 24, 2012 (the "CFS").[8]  Under the CFS, the Debtor bought the liquor license from Mitsuwa for $700,000 -- $50,000 was paid in cash and $650,000 in the form of a promissory note.  Section 13 of the CFS provided Mitsuwa with an option to repurchase the

---

[4] Order Granting Consent Judgment, *In re Orama Hospitality Group, Ltd.*, No. 17-21720 (Bankr. D.N.J. July 16, 2018) ECF No. 92.
[5] Order Converting Case to Chapter 7, *In re Orama Hospitality Group, Ltd.*, No. 17-21720 (Bankr. D.N.J. Sept. 6, 2018), ECF No. 104.
[6] Trustee's Motion to Sell Liquor License Free and Clear of Liens, Claims and Encumbrances Pursuant to § 363(b), (f) and (m), *In re Orama Hospitality Group, Ltd.*, No. 17-21720 (Bankr. D.N.J. Dec. 13, 2018), ECF No. 133.
[7] Letter Brief in Further Support of Trustee's Motion for Summary Judgment, ECF No.23; Brief in Opposition to Trustee's Motion for Summary Judgment, ECF No. 24.
[8] Miyata Decl., Ex. A, ECF No. 10.

Case 18-01041-JKS    Doc 25    Filed 06/13/19    Entered 06/14/19 10:54:28    Desc Main
                              Document      Page 6 of 18
Page 6
Debtor:   Orama Hospitality Group, Ltd.  (Mitsuwa Corporation v. Orama Hospitality Group, Ltd.)
Case No.: 17-21720 (Adv. Pro. No. 18-1041)
Caption:  **Decision and Order Re: Summary Judgment Motions**

liquor license. The right to exercise the option was triggered by, among other things, a default by the Debtor under its lease with Mitsuwa. The option price was $700,000 which was payable either in cash or by an offset of the amounts due to Mitsuwa under the promissory note and/or the lease. In the Court's view, this repurchase option, coupled with the right to "credit bid" for the license, is a well-conceived effort to retain an interest in the liquor license that could be exercised in the event of a credit default by the Debtor. Since this repurchase option is not a "lien" or "pledge" in a literal sense, it arguably does not run afoul of New Jersey's law against liquor license encumbrances, N.J.S.A. 33:1-26.[9]

Mitsuwa claims that it exercised its repurchase option on November 20, 2015 when it filed its Amended Complaint against the Debtor in State Court.[10] Specifically, in Count III of the Amended Complaint, Mitsuwa demands judgment directing the Debtor to transfer the liquor license back to it. The Trustee disputes that this alone constitutes proper notice of Mitsuwa's election to exercise the repurchase option under the terms of the CFS. The Trustee correctly notes that there is nothing in the "WHEREFORE" provision under Count III (or any other provision) that refers to the CFS or the exercise of an option. The Trustee also argues that under § 13 of the CFS, some formal written notice of the exercise of the option was required but was never provided. Mitsuwa responds that pursuant to § 13(c) of the CFS, it was the Debtor that was obligated to provide Mitsuwa with formal notice of a triggering event. It contends that none of the notice requirements or deadlines in § 13 of the CFS applied to Mitsuwa. Mitsuwa cites to § 13(c) of the

---

[9] The relevant part of the statute provides: "Under no circumstances, however, shall a [liquor] license, or rights thereunder, be deemed property, subject to inheritance, sale, pledge, lien, levy, attachment, execution, seizure for debts, or any other transfer or disposition whatsoever. . . ."
[10] Declaration of David Gordon, Ex. C, at 15, ECF No. 10-4.

Case 18-01041-JKS    Doc 25    Filed 06/13/19    Entered 06/14/19 10:54:28    Desc Main
Document    Page 7 of 18

Page 7
Debtor:    Orama Hospitality Group, Ltd.  (Mitsuwa Corporation v. Orama Hospitality Group, Ltd.)
Case No.: 17-21720 (Adv. Pro. No. 18-1041)
Caption:   **Decision and Order Re: Summary Judgment Motions**

CFS which provides in part: "In the event of a breach of any of the terms of [the lease], the Seller herein [Mitsuwa] may exercise its right immediately upon the happening of such breach."

The Court views the notice provisions in §§ 13(a) - (c) of the CFS to be unclear. The provision in § 13(c) which requires the Debtor to give notice of its own breach under the lease to Mitsuwa also seems illogical. For the most part, it was the Debtor that owed performance to Mitsuwa under the lease and promissory note in the form of payments. If those payments were not made, the natural course would be for Mitsuwa to declare default and exercise its remedies. But that is not how the CFS is written. In any event, even the language cited above by Mitsuwa from § 13(c) of the CFS suggests that Mitsuwa had to do <u>something</u> in order to "exercise" its repurchase right. And, the only evidence on the record is the demand in Count III of the Amended Complaint discussed above which says nothing about the exercise of an option to repurchase.

There is no dispute that the amounts due to Mitsuwa under the lease and the promissory note are more than enough to pay the $700,000 option purchase price. Obviously, Mitsuwa would want to use its claims to pay for the transfer of the license, especially now that the Debtor is in bankruptcy. But, the CFS gives Mitsuwa the right to pay cash if it so elects. It seems that if Mitsuwa was going to exercise the repurchase option, it would do so in a written instrument saying that the option was being exercised pursuant to the terms of the CFS and that it was also exercising the right to offset its claims against the Debtor as opposed to paying cash.[11]

To summarize, the state of affairs regarding the liquor license when this bankruptcy case was filed was unsettled. Mitsuwa certainly had the right under the CFS to exercise its option to repurchase the license by offsetting its claim against the Debtor as opposed to paying cash. The

---

[11] *See* § 16 of the CFS – "Notices."

Case 18-01041-JKS    Doc 25    Filed 06/13/19    Entered 06/14/19 10:54:28    Desc Main
Document    Page 8 of 18

**Page 8**
Debtor:   Orama Hospitality Group, Ltd.  (Mitsuwa Corporation v. Orama Hospitality Group, Ltd.)
Case No.: 17-21720 (Adv. Pro. No. 18-1041)
Caption:   **Decision and Order Re: Summary Judgment Motions**

Court does not believe that Mitsuwa's demand for return of the license in Count III of the Amended Complaint should be viewed as the exercise of the option for a number of reasons – (1) the statement is made within a State Court Complaint that was primarily focused on breach of the lease, eviction from the leased premises and collection of the amount due under the promissory note; (2) it says nothing about the exercise of the option under § 13 of the CFS; and (3) it does not say whether Mitsuwa would be paying the purchase price in cash or by offset.

But, even if Mitsuwa gave proper notice of its intent to exercise the option before this case was filed, there is no question that the liquor license still remains in the Debtor's name.  The Debtor cannot transfer its liquor license to anyone, including Mitsuwa, without the approval of the "appropriate municipal authority."[12]  Indeed, for a transfer of the liquor license to occur, a number of things still have to be done by both the Debtor and Mitsuwa.  There has to be a closing of the transaction which would include the execution of a bill of sale and other transfer documents.  In seeking municipal approval of the transfer, both the Debtor and Mitsuwa would have to prepare and submit various forms, reports and disclosures.  Fees have to be paid and notices provided.[13]  This process has not even started.  Finally, since Mitsuwa is apparently seeking to offset its claim in satisfaction of the purchase price in lieu of a cash payment, it would have to reduce the amount of its claim by the appropriate amount.  Thus, Mitsuwa's suggestion that it did not have to "do anything" to obtain the liquor license is inaccurate.[14]

---

[12] *See* CFS, § 13(b).
[13] *See* Biase Cert., Exs. A and B, ECF No. 11-4 and 11-5.
[14] Complaint at ¶ 42, ECF No. 1.

Case 18-01041-JKS   Doc 25   Filed 06/13/19   Entered 06/14/19 10:54:28   Desc Main
Document   Page 9 of 18

Page 9
Debtor:   Orama Hospitality Group, Ltd.  (Mitsuwa Corporation v. Orama Hospitality Group, Ltd.)
Case No.: 17-21720 (Adv. Pro. No. 18-1041)
Caption:  **Decision and Order Re: Summary Judgment Motions**

## LEGAL ANALYSIS

### 1. The Repurchase Option Under The CFS Was An Executory Contract That Was Rejected

The Trustee argues that the liquor license repurchase option in the CFS was an executory contract under § 365 of the Bankruptcy Code that was rejected. In a Chapter 7 case, an executory contract is deemed rejected if it is not assumed within 60 days of conversion.[15] The 60-day period here has passed.

Mitsuwa argues that because it had no material obligations to the Debtor under the CFS as of the petition date, the CFS was not an executory contract that could be rejected. In support, Mitsuwa states that it demanded the return of the liquor license in Count III of its Amended Complaint in November 2015 and owed no cash payment to the Debtor due to its offset right. It had the right to "immediately" exercise its option to purchase the liquor license upon the Debtor's breach of the lease.

The parties cite to bankruptcy cases going both ways on the issue of whether a purchase option is an executory contract. The Trustee cites cases that suggest that an option to purchase remains executory until the closing of the transaction.[16] It has also been suggested that the majority of courts have held that a right of first refusal is an executory contract subject to rejection under § 365.[17] Mitsuwa has cited cases that hold that where an option has been exercised pre-petition, the option contract is not executory.[18] Mitsuwa downplays any distinction under the CFS between

---

[15] *See* 11 U.S.C. §§ 365(d)(1) and 348(c).
[16] *See In re Chira*, 343 B.R. 361, 366 (Bankr. M.D. Fla. 2006); *In re Wells*, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998); *TKO Props. LLC v. Young*, 214 B.R. 905, 910 (Bankr. D. Idaho 1987) and *In re Balco Equities Ltd. Inc.*, 323 B.R. 85, 96 (Bankr. S.D.N.Y. 2005).
[17] *See In re CB Holding Corp.*, 448 B.R. 684, 689 (Bankr. D. Del. 2011).
[18] *See In re America West Airlines*, 179 B.R. 893, 896 (Bankr. D. Az. 1995), *Bronner v. Chenoweth-Massie, Pshp. (In re National Fin. Realty Trust)*, 226 B.R. 586, 589 (Bankr. W.D. Ky. 1998) and *In re Giesing*, 96 B.R. 229, 232 (Bankr. W.D. Mo. 1989).

Case 18-01041-JKS    Doc 25    Filed 06/13/19    Entered 06/14/19 10:54:28    Desc Main
Document      Page 10 of 18

Page 10
Debtor:   Orama Hospitality Group, Ltd.  (Mitsuwa Corporation v. Orama Hospitality Group, Ltd.)
Case No.: 17-21720 (Adv. Pro. No. 18-1041)
Caption:  **Decision and Order Re: Summary Judgment Motions**

the exercise of the option which may have happened pre-petition and the transfer of the liquor license which still has not happened.  The Court believes that the exercise of the repurchase option under the CFS was one event under the contract and the actual transfer of the license was another.  Between those events, both the Debtor and Mitsuwa had expressed and implied obligations to fulfill.

The Third Circuit Court of Appeals has defined an executory contract as one "on which performance is due to some extent on both sides."[19]  Thus, if both parties to the contract have unperformed obligations that would constitute a material breach if not performed, the contract is executory.  The time to apply this test is the date the bankruptcy petition is filed.  And, the determination should be based on state law contract principles.[20]  The Ninth Circuit Court of Appeals applied this executory contract test in the context of an option contract and concluded that not all options are executory contracts.  But an option may be an executory contract where the optionee has announced that it has exercised the option but not yet followed through with the purchase at the option price.[21]

Applying the tests to the matter before the Court, the repurchase option under the CFS was an executory contract.  As set forth above, the Court does not regard Mitsuwa's demand for the return of the license in Count III of the Amended Complaint as an exercise of the repurchase option under the CFS.  The repurchase option had not yet been exercised when the Debtor filed its bankruptcy petition.  Even if the option had been exercised, the transfer of the license had not occurred.  Section 13(b) of the CFS provides: "Both parties will fully cooperate so the closing can

---

[19] *In re Exide Technologies*, 607 F.3d 957, 963 (3d Cir. 2010).
[20] *Id.*
[21] *Unsecured Creditors' Comm. v. Southmark Corp. (In re Robert L. Helms Constr. & Dev. Co.)*, 139 F.3d 702, 706 (9th Cir. 1988).

Case 18-01041-JKS  Doc 25  Filed 06/13/19  Entered 06/14/19 10:54:28  Desc Main
Document      Page 11 of 18

Page 11
Debtor:   Orama Hospitality Group, Ltd.  (Mitsuwa Corporation v. Orama Hospitality Group, Ltd.)
Case No.: 17-21720 (Adv. Pro. No. 18-1041)
Caption:   **Decision and Order Re: Summary Judgment Motions**

take place as soon as practicable following the exercise of the option." Thus, even if Mitsuwa had exercised the option pre-petition, both parties still had contractual duties to facilitate the transfer of the license which would have required commitments of time and money in the transfer process. If either party did not fulfill its duties, it would have been in material breach of the option to repurchase the license.

### 2. Mitsuwa's Rights Following Rejection Of The Option

Having decided that the repurchase option under the CFS was an executory contract that was rejected, the Court next considers the impact of that determination. Mitsuwa contends that even if the repurchase option was executory, it still has the right to demand specific performance of the option. Mitsuwa cites to cases holding that the rejection of an executory contract under § 365 does not eliminate the non-debtor's substantive rights under the contract (such as specific performance).[22] Mitsuwa also suggests that the Supreme Court's *Mission Product* decision should erase any doubt on this issue. The Trustee opposes this interpretation, suggesting that Mitsuwa is limited to an unsecured claim for damages based on the rejection of the repurchase option under the CFS.

The rejection of an executory contract constitutes a breach of the contract as of the date immediately before the petition date.[23] The Bankruptcy Code deals specifically with claims of creditors that arise due to the rejection of executory contracts. Section 502(g)(1) provides:

> "A claim arising from the rejection . . . of an executory contract . . . shall be allowed under subsection (a), (b), or (c) of this section or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition."

---

[22] *See In re Walnut Assoc.,* 145 B.R. 489, 494 (Bankr. E.D. Pa. 1992).
[23] 11 U.S.C. § 365(g)(1).

Case 18-01041-JKS    Doc 25    Filed 06/13/19    Entered 06/14/19 10:54:28    Desc Main
Document    Page 12 of 18

**Page 12**
Debtor:   Orama Hospitality Group, Ltd.  (Mitsuwa Corporation v. Orama Hospitality Group, Ltd.)
Case No.: 17-21720 (Adv. Pro. No. 18-1041)
Caption:  **Decision and Order Re: Summary Judgment Motions**

The Bankruptcy Code's definition of "claim" includes a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment.[24] And, the Bankruptcy Code gives the Bankruptcy Court the power to <u>estimate</u> a right to payment arising from a right to an equitable remedy for breach of performance.[25] Reading these relevant provisions of the Code together, the state law equitable remedy of specific performance falls within the Code's definition of a "claim" and the Bankruptcy Code gives the non-debtor party a "claim" when a debtor rejects its executory contract. In other words, Congress anticipated that parties might have equitable remedies based on a debtor's breach of an executory contract and provided a mechanism to convert those equitable remedies to claims for money. The Bankruptcy Code carves out exceptions to this approach in cases involving lessees of real property (§ 365(h)), purchasers of real estate in possession (§ 365(i)) and licensees of intellectual property (§ 365(n)). These categories of persons are specifically authorized to retain the rights conveyed to them under rejected executory contracts so their relief is not limited to a claim. Where these exceptions do not apply (like here with Mitsuwa), it has been argued that the counter-party's remedy should be limited to a claim and the rest of its rights are terminated upon rejection of its executory contract.

But the *Mission Product* case has shed some light on that argument. That case involved the rejection of a trademark license agreement by a debtor in bankruptcy. Under the agreement, the debtor's licensee had the right to use the debtor's "Coolcore" trademark on exercise clothing that it marketed and distributed in the United States. The licensee argued that even though its license was rejected, it should not be deprived of its right to use the trademark. The Supreme Court agreed with the licensee and held that the rejection of the license agreement did not constitute

---

[24] 11 U.S.C. § 101(5)(B).
[25] 11 U.S.C. § 502(c)(2).

Case 18-01041-JKS    Doc 25    Filed 06/13/19    Entered 06/14/19 10:54:28    Desc Main
Document      Page 13 of 18

**Page 13**
Debtor: Orama Hospitality Group, Ltd. (Mitsuwa Corporation v. Orama Hospitality Group, Ltd.)
Case No.: 17-21720 (Adv. Pro. No. 18-1041)
Caption: **Decision and Order Re: Summary Judgment Motions**

a rescission of the license but a <u>breach</u> of the license agreement which left intact the rights that the licensee acquired. More broadly, the Court held that ". . . under § 365, a debtor's rejection of an executory contract in bankruptcy has the same effect as a breach outside bankruptcy. Such an act cannot rescind rights that the contract previously granted."[26]

*Mission Product* involved a trademark license which is unlike the repurchase option at issue here in some important respects. The trademark licensee in *Mission Product* had the right to use the trademark when the debtor/licensor filed its bankruptcy petition. The Supreme Court held that the licensee could continue to use the trademark even though the licensor was considered to be in breach of the agreement.[27] In this case, Mitsuwa is not seeking to retain a right that it had already obtained when the Debtor's petition was filed. Instead, Mitsuwa wants to compel the Debtor to perform a contractual obligation that was unperformed when the bankruptcy was filed. It seeks <u>specific</u> <u>performance</u> of the contract. It seems incongruous that the Bankruptcy Code would grant a debtor the right to reject (and thus breach) a contract while preserving the right of the counter-party to compel performance of the same contract. The *Mission Product* decision made it clear that a counter-party to a rejected executory contract could retain interests that it had already received (like the right to use a trademark). The Supreme Court did not say that the debtor had to continue to perform its obligations under a rejected executory contract. The Court does not believe that the *Mission Product* case requires specific performance of the repurchase option by the Debtor or Trustee.

---

[26] *Mission Prod. Holdings v. Tempnology, LLC,* 203 L.Ed. 2d 876, 891 (U.S. 2019).
[27] This holding is consistent with existing precedent in the Third Circuit. *See In re Exide Technologies*, 607 F.3d 957, 967 (3d Cir. 2010) (J. Ambro concurring).

Debtor:   Orama Hospitality Group, Ltd.  (Mitsuwa Corporation v. Orama Hospitality Group, Ltd.)
Case No.: 17-21720 (Adv. Pro. No. 18-1041)
Caption:  **Decision and Order Re: Summary Judgment Motions**

If specific performance of Mitsuwa's repurchase option is allowed, the bankruptcy estate will suffer because one unsecured creditor (Mitsuwa) will get all of the value of the license while similarly situated creditors will get none of it.  This result violates the bankruptcy principle that creditors of equal class should be treated the same and would be burdensome to the bankruptcy estate.  "Specific performance should not be permitted where the remedy would in effect do what § 365 meant to avoid, that is, impose burdensome contracts on the debtor."[28]

Courts (including the Third Circuit Court of Appeals) have held that where a party's right to an equitable remedy can be satisfied by monetary damages, a claim is a proper alternative for the equitable remedy.[29]  Mitsuwa has a right to money damages for breach of the repurchase option under New Jersey law.  In analogous circumstances, New Jersey cases have held that compensatory or "benefit of the bargain" damages are available to non-breaching buyers under option contracts.[30]  Mitsuwa has filed a proof of claim in this case for $3,669,671.74 which, if paid in full, would make it whole.  Mitsuwa still has the right and opportunity to buy the liquor license at the option price or even at a lesser amount.  Its real gripe is that it cannot use its bankruptcy claim to purchase the liquor license as opposed to actual dollars.  The Court does not think that this unique feature of Mitsuwa's deal with the Debtor means that the claim cannot be satisfied with money damages.  Thus, Mitsuwa's request to compel specific performance of the repurchase option under the CFS can be treated as a claim for bankruptcy purposes.  The Court will not grant Mitsuwa's request for specific performance.

---

[28] *In re Fleishman,* 138 B.R. 641, 648 (Bankr. D. Mass. 1992).
[29] *See In re CB Holding Corp.*, 448 B.R. 684, 690 (Bankr. D. Del. 2011); *In re Nickels Midway Pier, LLC*, 255 Fed. Appx. 633, 637-38 (3d Cir. 2007) and *In re Spoverlook LLC*, 560 B.R. 358, 362-63 (Bankr. D.N.M. 2016).
[30] *See In re Nickels Midway Pier, LLC,* 255 Fed. Appx. 633 and *Mazzeo v. Kartman*, 560 A.2d 733, 739 (N.J. Super. Ct. App. Div.).

Case 18-01041-JKS    Doc 25    Filed 06/13/19    Entered 06/14/19 10:54:28    Desc Main
Document    Page 15 of 18

Page 15
Debtor:   Orama Hospitality Group, Ltd.  (Mitsuwa Corporation v. Orama Hospitality Group, Ltd.)
Case No.: 17-21720 (Adv. Pro. No. 18-1041)
Caption:  **Decision and Order Re: Summary Judgment Motions**

### 3. The Option To Repurchase Violated New Jersey Law

The Trustee has also argued that the repurchase option under the CFS is, for practical purposes, a lien that is unenforceable under New Jersey law. The Trustee relies on N.J.S.A. 33:1-26, which provides in relevant part: "Under no circumstances . . . shall a license, or rights thereunder, be deemed property, subject to inheritance, <u>sale</u>, pledge, lien, levy, attachment, execution, <u>seizure for debts</u>, or any other transfer or disposition whatsoever . . ." (emphasis added). The purpose of this law is "to protect the liquor license from any device which would subject it to the control of persons other than the licensee . . . be it by pledge, lien, levy, attachment, execution, seizure for debts or the like."[31]

At first blush, it appears that the Trustee's position has merit. Mitsuwa's repurchase option under the CFS and its right to credit bid for the license, suggests that the license was subject to a "sale" or "seizure for debts." The credit bid feature of the option also strongly resembles the rights of a lienholder.

But Mitsuwa argues that the law in New Jersey has evolved and agreements to transfer liquor licenses are now specifically enforceable. Mitsuwa relies on the New Jersey Supreme Court's decision of *Kalogeras v. 239 Broad Ave., L.L.C.*, 202 N.J. 349 (2010), which held that a contract to sell a restaurant business, including the liquor license, could be specifically enforced even though the transfer of the license required government approval. In that case, the former owner of a restaurant exercised his right of first refusal to buy the restaurant back when his former partner sought to sell to a third party. The former owner brought suit for specific performance of the right of first refusal contract and was successful in the trial court. In the Appellate Division,

---

[31] *N.J., Div. of Taxation v. United Trust Bank (In re Chris-Don, Inc.),* 367 F. Supp. 2d 696, 698 (D.N.J. 2005) (quoting *Boss Co. v. Board of Comm'rs of Atlantic City*, 40 N.J. 379 (1963)).

Case 18-01041-JKS    Doc 25    Filed 06/13/19    Entered 06/14/19 10:54:28    Desc Main
Document      Page 16 of 18

**Page 16**
Debtor:   Orama Hospitality Group, Ltd.  (Mitsuwa Corporation v. Orama Hospitality Group, Ltd.)
Case No.: 17-21720 (Adv. Pro. No. 18-1041)
Caption:   **Decision and Order Re: Summary Judgment Motions**

the decision of the trial court was reversed based in large part on the Court's view that a contract to transfer a liquor license cannot be specifically enforced because such a transfer requires government approval and such approval was not a condition of the right of first refusal contract.

Appeal was taken to the New Jersey Supreme Court which reversed the Appellate Division and upheld the original decision of the trial court. The Supreme Court understood that the contract did not provide that the transfer of the liquor license was subject to government approval, even though such approval was required. But, according to the New Jersey Supreme Court, this did not mean that the contract should not be enforced. Informed by decisions from other states with similar restrictions on liquor license transfers, the Court held that the requirement for government approval is an implied condition of all agreements for the transfer of liquor licenses. *Id.* at 953. The Court also relied on the New Jersey contract principle that every contract has an implied covenant of good faith and fair dealing.

> Thus, when parties contract to transfer a liquor license, they perforce covenant to act in a manner that will seek to achieve that goal, even if its attainment rests in the discretionary act of another.

*Id.*
The Supreme Court's decision was that when parties contract for the sale of a liquor license in New Jersey, government approval of the transfer of the license will always be an implied condition.

This Court agrees with the decision in *Kalogeras*. Sales of restaurants and bars are common and the transactions often involve the sale of the liquor license. Government approval of the license transfer is required and should be an implied condition of the sale. The covenant of good faith and fair dealing requires that both buyer and seller cooperate during the approval process. But the question here is whether the courts of New Jersey, relying on *Kalogeras*, would enforce Mitsuwa's repurchase option under the CFS. According to Mitsuwa, it is a contract for

Case 18-01041-JKS    Doc 25    Filed 06/13/19    Entered 06/14/19 10:54:28    Desc Main
Document    Page 17 of 18

**Page 17**
Debtor:   Orama Hospitality Group, Ltd.  (Mitsuwa Corporation v. Orama Hospitality Group, Ltd.)
Case No.: 17-21720 (Adv. Pro. No. 18-1041)
Caption:   **Decision and Order Re: Summary Judgment Motions**

the sale of a liquor license and the Supreme Court of New Jersey has said that such contracts can be specifically enforced.

But, the transaction in this case between Mitsuwa and the Debtor is different than the one addressed by the Court in *Kalogeras*.  *Kalogeras* established that in transactions between buyers and sellers of liquor licenses, government approval is required and will always be an implied condition of the transaction.  That holding has very little, if any, relevance to the issue before the Court – whether the Mitsuwa repurchase option violates New Jersey's law against liquor license encumbrances, N.J.S.A. 33:1-26.  The major theme in the *Kalogeras* case was the enforcement of a transaction between a buyer and a seller of a liquor license.  Here, the transaction between the Debtor and Mitsuwa has a distinct debtor-creditor flavor.  Mitsuwa sold the license to the Debtor on credit.  The fact that Mitsuwa bargained for the right to buy back the license, by itself, is not the issue.  But when this right is coupled with Mitsuwa's right to credit bid, the transaction closely resembles one between a secured creditor with a lien on the liquor license and its borrower.  Since security interests violate N.J.S.A. 33:1-26, the credit bid/repurchase option structure is a creative "work around" to the problem.  If the transaction is allowed to stand, Mitsuwa would enjoy the major benefit of being a lienholder – the right to take its "collateral" (the license) in satisfaction of its debt.

The Court does not think that *Kalogeras* addressed agreements to sell liquor licenses that, for practical purposes, serve as effective substitutes for security interests.  Also, the language of N.J.S.A. 33:1-26 is broad, prohibiting the "sale . . . seizure for debts, or any other transfer or disposition whatsoever" of a liquor license.  The language "any other transfer or disposition whatsoever" suggests that the prohibition covers more than the specific transfers and interests that

Case 18-01041-JKS    Doc 25    Filed 06/13/19    Entered 06/14/19 10:54:28    Desc Main
Document      Page 18 of 18

**Page 18**
Debtor:    Orama Hospitality Group, Ltd.  (Mitsuwa Corporation v. Orama Hospitality Group, Ltd.)
Case No.: 17-21720 (Adv. Pro. No. 18-1041)
Caption:   **Decision and Order Re: Summary Judgment Motions**

are set forth in the statute.  The Court concludes that the repurchase option under the CFS violates New Jersey law and will not be enforced.

## **CONCLUSION**

For the foregoing reasons, the Court denies Mitsuwa's request to compel performance of the repurchase option under the CFS and turnover of the liquor license.